## Gulf, Colorado & Santa Fe Railway Company v. F. L. Dennison.

### Decided January 9, 1901.

**1.—Railway—Contract for Hauling Freight.**

A railway company was liable for breach of a contract whereby plaintiff was to haul to its depot all freight for shipment over its road originating within certain limits, for a fixed compensation, and can not escape liability for depriving plaintiff of the right to perform the service at the price agreed upon by having it delivered to another road at the initial point and hauled by that road to another point on its line before receiving it, where the person controlling the routing of the shipment designated defendant's and not the other road as the route.

**2.—Case Distinguished.**

This case distinguished on the facts from that presented on the former appeal, of Railway v. Dennison, 22 Texas Civil Appeals, 89.

3.—Evidence—Consignor and Consignee—Right to Route Shipment.
  On the issue as to who had the right to designate the route of a shipment by rail, the consignor may testify that the consignee had such right.

Appeal from the County Court of Bell. Tried below before Hon. D. R. Pendleton. [The contract sued on is given in the opinion on the former appeal in this cause, 22 Texas Civil Appeals, 89.]

J. W. Terry and Chas. K. Lee, for appellant.

John B. Durrett, for appellee.

COLLARD, ASSOCIATE JUSTICE.—Suit by appellee against appellant for breach of contract whereby the company agreed to pay Dennison certain rates for hauling and delivering to the company's depot, for shipment therefrom, certain freight originating in the radius named. The contract binds Dennison to receive from all parties within the territory named, from their stores, warehouses, residences, and such other places as they may designate, all freight that such parties may desire to have transported to any competitive point on or off the line of the company's railroad, and deliver the same at the depot in Belton, for which the company was bound to pay the rates named. The company ordered certain shipment of cotton seed cake included in the contract to be loaded at the depot of the Missouri, Kansas & Texas Railroad in Belton, and shipped the same on that road to Temple, where it was shipped on defendant's road to Galveston, and refused to call on plaintiff to haul the same under his contract, thus breaching the contract as alleged. Damages were proven by plaintiff and the proof justified the verdict for the damages awarded. The company has appealed.

The case was before this court once before, but the proof is not the same, as shown by the record, as on the former appeal. It is now shown that one Ikenburg, of Galveston, controlled the shipment and had the right to route the freight from Belton to Galveston, and that he did route it by defendant's road and refused to route it over the Missouri, Kansas & Texas Railroad from Belton to Temple. It was less expensive to load the freight from the warehouse at the depot of the Missouri, Kansas & Texas Railroad than to have it hauled by plaintiff to defendant's depot as required by the contract. The evidence showed that plaintiff was able and willing to comply with his contract. The oil mill company at Belton did not have the right to designate the route of the freight or to ship it by the Missouri, Kansas & Texas Railroad. This Ikenburg had the right to do, as the jury found on the last trial upon testimony sufficient to warant the finding. The jury found for plaintiff.

Opinion.—The assignments of error insisting that the court should have granted a new trial upon the alleged ground that the verdict was contrary to the testimony in that Thatcher, of the oil mill company, was the shipper and had the right to route the freight, and that he did order

it shipped by the Missouri, Kansas & Texas Railroad from Belton to Temple, in which case plaintiff did not have the right to haul it to defendant's depot, is not sustained by the testimony. We can not agree to the statement in the assignment. On the contrary, the testimony shows that Thatcher did not have the right to route the freight. That right belonged to Ikenburg, to whom the freight was shipped to Galveston, and he exercised that right and ordered the freight carried by the defendant company, and expressly refused to change the route to the Missouri, Kansas & Texas Railroad.

2. The court's charge submitted all the issues to the jury that were raised by the pleadings and the evidence, and they were fairly and clearly stated. The jury decided against defendant upon testimony amply sufficient to support the finding, and the verdict should not be disturbed.

3. There was no error in permitting the witness Thatcher to testify that Ikenburg had the routing of the shipment. That was the material question to be determined, and it would depend upon the agreement of the parties, which might be stated by the witness as he did state it.

The verdict was supported by the evidence and the court did not err in refusing a new trial. The judgment is affirmed.

*Affirmed.*